```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
RUEBIN KENNEDY,                                              :
                                  Plaintiff,                 :
                                                             :    22 Civ. 3923 (LGS)
                  -against-                                  :
                                                             :            ORDER
JOE OROCHENA and YRC INC. d/b/a YRC                          :
FREIGHT,                                                     :
                                  Defendant.                 :
                                                             X
-------------------------------------------------------------
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on May 17, 2022, Defendants filed a Notice of Removal (Dkt. No. 1);

WHEREAS, the Notice of Removal fails to allege the citizenship of Defendant YRC Inc., as the Notice of Removal fails to allege "every State . . . by which" the corporate defendant "has been incorporated." 28 U.S.C. § 1332(c)(1);

WHEREAS, a District Court may *sua sponte* remand a case for a procedural defect within thirty (30) days of the filing of the Notice of Removal, and may *sua sponte* remand a case at any time for lack of subject matter jurisdiction. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006); *accord Valentin v. Dollar Tree Stores, Inc.*, No. 21 Civ. 3647, 2021 WL 2852039, at *1 (S.D.N.Y. July 8, 2021);

WHEREAS, "failure to allege the state of 'incorporation'" in a notice of removal is "fatal to the diversity claim." *Teamsters Loc. 404 Health Servs. & Ins. Plan v. King Pharms., Inc.*, No. 15 Civ. 4666, 2016 WL 1138501, at *2 (S.D.N.Y. Feb. 24, 2016); *accord Berman v. Quality Motors*, No. 16 Civ. 128, 2016 WL 828136, at *2 (S.D.N.Y. Feb. 23, 2016); *Cruz v. Stop & Shop Supermarket Co. LLP*, No. 15 Civ. 1372, 2015 WL 8481678, at *4 (S.D.N.Y. Oct. 28, 2015).

WHEREAS, if a "notice of removal and the underlying state-court record failed to establish whether the parties to this action were completely diverse," the district court should

"remand[] the case to state court." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019). It is hereby

**ORDERED** that the matter is remanded to state court. Pursuant to 28 U.S.C. § 1447(c), the Clerk of Court is respectfully directed to mail a certified copy of this Opinion and Order to the Supreme Court of the State of New York, Bronx County. The Clerk of Court is further directed to close the case.

Dated: May 17, 2022
       New York, New York

                                            **LORNA G. SCHOFIELD**
                                          **UNITED STATES DISTRICT JUDGE**